**UNITED STATES of America,**
**Appellee,**

v.

**Brian J. TIGNER, Appellant.**

No. 01–2389.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 2001.

Filed Jan. 16, 2002.

Before McMILLIAN and MURPHY, Circuit Judges, and BATTEY,[1] District Judge.

PER CURIAM.

Brian J. Tigner pleaded guilty to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. He appeals the extent of the district court's[2] downward departure.[3] We affirm.

---

[1]. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]. The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

[3]. Tigner initially sought appeal of a two-point enhancement he received under U.S.S.G. § 4A1.1(d), but he has withdrawn this issue.

The district court classified Tigner's initial base offense level at 26. He was given a three-level reduction for his acceptance of responsibility which resulted in an offense level of 23. Counsel for the government and the defense had reached a stipulation as to this offense level. Tigner, however, did object to the district court's determination of a criminal history category VI.

The district court found that the criminal history category VI was applicable, which resulted in a sentence range of 92 to 115 months. The court sentenced Tigner to 115 months, the top of the sentencing range, but then departed downward to 100 months upon the government's § 5K1.1 motion. Tigner was also credited with 38 months already served on related conduct which resulted in a 62–month sentence remaining to be served.

We do not review the extent of a district court's downward departure regardless of the court's reasons for not departing further. *United States v. McCarthy*, 97 F.3d 1562, 1577 (8th Cir.1996) (citations omitted). It should be noted that Tigner does not allege that the district court refused to depart further for an unconstitutional rea-son or that the court acted in bad faith. *See id.* (citing *United States v. Alvarez*, 51 F.3d 36, 41 (5th Cir.1995)) (holding once the district court has a valid reason for departing, the court may use any factor to determine the extent of the departure; the resulting sentence is unreviewable unless it is in violation of federal constitutional or statutory law). Hence, "[a]ll the statute and the Guidelines require is that the reasons for the departure be stated." *Id.* (citations omitted).

Although the district court did not provide reasons for the departure which are identical to the factors listed in § 5K1.1, we find that it did appropriately follow the rationale of the section. The district court did state the reason for its departure. Consequently, the extent of the departure is not reviewable. *Id.* Accordingly, we affirm the judgment of the district court.